IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ISSAC W., <br><br> Plaintiff, <br><br> vs. <br><br> KILOLO KIJAKAZI, <br> Commissioner of Social Security Administration, <br><br> Defendant. | Case No. 2:21-cv-00107 <br><br><br> MEMORANDUM DECISION & ORDER <br><br><br> Magistrate Judge Dustin B. Pead |

# INTRODUCTION[1]

Plaintiff Issac W.[2] seeks judicial review of the Commissioner of Social Security's Decision denying his claim for disability insurance benefits and supplemental security income under the Social Security Act. After careful review of the administrative record, the parties' briefs and arguments and the relevant law, the undersigned concludes that the Commissioner's

---

[1] The parties in this case consented to United States Magistrate Judge Dustin B. Pead conducting all proceedings, including entry of final judgment, with appeal to the United States Court of Appeals for the Tenth Circuit. (ECF No. 11) *See,* 28 U.S.C. § 636(c); Fed. R. Civ. P. 73.

[2] Based on privacy concerns regarding sensitive personal information, the court does not use Plaintiff's last name. Privacy concerns are inherent in many of the Federal Rules. *See generally,* Fed. R. App. P. 25(a)(5); Fed. R. Civ. P. 5.2; Fed. R. Crim. 49.1.

ruling is supported by substantial evidence and free of harmful legal error. Accordingly, as set forth herein, the Commissioner's Decision is AFFIRMED.

## BACKGROUND

On December 11, 2018, Isaac W. ("Plaintiff") applied for disability insurance benefits and supplemental security income, under Titles II and XVI of the Social Security Act, alleging a disability as of September 21, 2017.[3] (ECF No. 19, Administrative Record Tr.[4] 10, Tr. 63-64, Tr. 252-63.) Plaintiff's claim was denied initially on May 22, 2019, and upon reconsideration on August 30, 2019. (Tr. 151-154, Tr. 155-158, Tr. 160-166.) An administrative hearing was held on July 27, 2020, before Administrative Law Judge ("ALJ") Preston Mitchell after which the ALJ issued an unfavorable written Decision ("Decision") on August 31, 2020. (Tr. 10-19) *See,* 20 C.F.R. § 404.929; 20 C.F.R. § 404.936(c).[5]

Consistent with the five-step sequential evaluation process, the ALJ's Decision" found that Plaintiff had the severe impairments of Schizoaffective disorder, bipolar type and attention

---

[3] In order to qualify for disability insurance benefits, a claimant must establish a disability on or before his date last insured. *See,* 20 C.F.R. § 404.101; 20 C.F.R. § 404.120; 20 C.F.R. § 404.315; *see also, Potter v Sec'y of Health & Human Servs.,* 905 F.2d 1346, 1348-49 (10th Cir. 1990) ("the relevant analysis is whether the claimant was actually *disabled* prior to the expiration of her insured status") (emphasis in original).

[4] Tr. refers to the transcript of the administrative record before the Court.

[5] All citations are to the 2020 edition of Part 404 of the Code of Federal Regulations (C.F.R.) which governs disability claims. Substantially identical provisions in Part 416, which govern SSI claims, are omitted for brevity.

deficit/hyperactivity disorder ("ADHD"). *See*, 20 C.F.R. § 404.1520(c); 20 C.F.R. § 416.920 (describing the five-step evaluation process). After determining that Plaintiff's impairment or combination of impairments did not meet or equal a listed impairment, *see* 20 C.F.R. § 404, Subp P. Appx 1, the ALJ concluded that Plaintiff had the Residual Functional Capacity ("RFC") to perform "a full range of work at all exertional levels" but with the following limitations:

> [h]e can have nonconcentrated exposure to industrial hazards. He can only make simple work related judgment and decisions. He can consistently understand, remember, and carry out short and simple instructions. He can have no more than occasional changes in a routine work setting. He can have no more than occasional, superficial contact with the public. He can have occasional contact with coworkers and supervisors.

(Tr. 14.)

At step four, the ALJ reasoned that, because the job did not require the performance of any work-related activities precluded under the RFC, Plaintiff was able to perform his past relevant work as a kitchen helper.[6] (Tr. 18) *See,* 20 C.F.R. § 404.1565; 20 C.F.R. § 416.965. Based thereon, the ALJ denied the application for disability benefits finding that Plaintiff was not disabled under the Act.

On December 29, 2020, the Appeals Council denied Plaintiff's request for review, making the ALJ's August 31, 2020, Decision the Commissioner's final Decision for purposes of review. (Tr. 1-6) *See,* 20 C.F.R. § 404.981; 20 C.F.R. § 416.1481.

---

[6] *See,* Dictionary of Occupational Titles 318.687-010, listing Kitchen Helper (SVP2) as medium unskilled work.

3

Plaintiff's February 23, 2020, appeal to this court followed. (ECF No. 2) *See* 42 U.S.C. § 405(g).

## **LEGAL STANDARD**

The Court reviews the Commissioner's decision to determine whether substantial evidence in the record as a whole supports the factual findings and whether the correct legal standards were applied. *See Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). In conducting its review, the Court may neither reweigh the evidence nor substitute its judgment for that of the ALJ. *See Hendron v. Colvin,* 767 F. 3d 951, 954 (10th Cir. 2014).

Substantial evidence review is deferential, and the agency's factual findings are considered "conclusive" if they "are supported by 'substantial evidence.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153, 203 L. Ed. 2d 504, 508 (2019) (*quoting* 42 U.S.C. § 405(g)). As the Supreme Court recently confirmed, the substantial evidence threshold "is not high" and deference should be given to the presiding ALJ "who has seen the hearing up close." *Id.* at 1154, 1157. Substantial evidence is defined as "more than a mere scintilla" and "means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 1154 (internal quotation omitted).

## DISCUSSION[7]

Plaintiff raises a single issue on appeal. Specifically, Plaintiff asserts that the RFC failed to consider the ineffectiveness of his medication by only giving "credence to one reported medication side effect---fatigue[,]" but failing to address the "myriad of other side effects" Plaintiff experienced including "nausea, inability to think clearly, weight gain, hypertension, blurry vision, irritability, agitation, anger, lethargy, vertigo, headaches, lack of appetite, and lightheadedness." (ECF No. 19 at 7.) The Commissioner, however, disagrees and asserts that the ALJ thoroughly discussed the evidence of record and considered the side effects of Plaintiff's medication. (ECF No. 23 at 7.)

### I. The ALJ Reasonably Evaluated Plaintiff's Medications When Assessing Plaintiff's Residual Functional Capacity

The ALJ reasonably evaluated Plaintiff's medications and side effects when assessing Plaintiff's mental RFC. *See,* 20 C.F.R. § 404.1529(c)(3)(iv). Under the Regulations, when assessing the intensity, persistence and limiting effects of a claimant's symptoms, the ALJ is tasked with consideration of a medication's effectiveness and any related side effects. *See,* 20 C.F.R. § 404.1529(c)(3)(iv) (ALJ considers factors relevant to symptoms, such as pain, including "[t]he type, dosage, effectiveness, and side effects of any medication you take or have taken to

---

[7] The Court's discussion is based upon Plaintiff's Motion for Review of Agency Action and Defendant's Opposition to the Motion. (ECF No. 19; ECF No. 23.) Plaintiff has not filed a Reply Memorandum, and the time within which to do so has expired. (ECF No. 18) *See also,* DUCivR 7-4.

alleviate your pain or other symptoms[.]"); 20 C.F.R. § 404.1529(c); *See also Branum v. Barnhart,* 385 F.3d 1268, 1273-74, 105 Fed. Appx. 990 (10th Cir 2004) (*quoting Hargis v. Sullivan,* 945 F.3d 1482, 1489 (10th Cir. 1991) (describing several similar factors which should be analyzed)).

When discussing the relevant regulatory factors the ALJ is not, however, required to set forth a formalistic "factor-by-factor" recitation of the evidence. *See, Qualls v. Apfel,* 206 F.3d 1368, 1372 (10th Cir. 2000). Rather, the ALJ's discussion is sufficient if it sets forth the evidence that the ALJ relied upon. *Id., see also Davis v. Colvin,* 2016 U.S. Dist. LEXIS 12164, at *11 (W.D.N.Y. Jan. 31, 2016). Further, a reviewing court should not "upset" the ALJ's subjective symptoms findings if they are "closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." *Xiangyuan Sue Shu v. Commissioner of Social Security,* 2021 U.S. App. LEXIS 19959, at *12 (10th Cir. 2021) (*citing Cowan v. Astrue,* 552 F.3d 1182, 1190 (10th Cir. 2008) (internal quotation marks omitted).

In this case, the Decision properly reflects the ALJ's consideration of Plaintiff's medication and side effects and provides an affirmative link to the evidence relied upon as support. First, the Decision summarizes Plaintiff's hearing testimony[8] and, in doing so, the ALJ

---

[8] Plaintiff was represented by counsel at the hearing. As the transcript reflects, counsel did not elicit testimony regarding the other medication side effects that Plaintiff now raises on appeal (e.g., blurry vision, vertigo, weight gain, lack of appetite, hypertension). Indeed, Plaintiff's counsel specifically stated on the record that the ALJ "did a good job, asking most of the questions I had.") (Tr. 57) *See Cowan*, 552 F.3d at 1188 (*citing Hawkins v. Chater,* 113 F.3d 1162, 1167-68) (10th Cir. 1997) ("[W]hen the claimant is represented by counsel at the administrative hearing, the ALJ should ordinarily be entitled to rely on the claimant's counsel to structure and present claimant's case in a way that the claimant's claims are adequately explored.
(continued . . .)

demonstrates his consideration of Plaintiff's medication and other side effects:

> [Plaintiff] has long period of depression and short episodes of mania. His manic episodes occur every few months. He has psychosis during depression and mania. His sleep is disrupted with mania. The medications stabilize his moods but he feels drowsy with medication. He has had bad side effects with antidepressant medication. The medications help to quiet his hallucinations and delusions; however, he continues to have psychotic symptoms when he is stressed.

(Tr. 15.) The ALJ then utilized Plaintiff's testimony and the medical evidence of record to craft Plaintiff's mental RFC in which, due to the side effects of his medication, the ALJ limited Plaintiff's exposure to industrial hazards. (Tr. 14, Tr. 18.)

Second, the ALJ thoroughly discusses the evidence of record and notes instances where Plaintiff had medication stability, improvement or worsening symptoms. (Tr. 15-17.) For example, the ALJ addresses treatment notes describing Plaintiff's symptoms and examination findings that were consistent with the ability to think clearly---one of the side effects Plaintiff specifically alleges that the ALJ failed to discuss. (*Id.*) As part of that discussion, the ALJ references instances in which Plaintiff denied issues with focus and attention, or claimed worsening ADHD and inattention, and considers exam findings where Plaintiff exhibited tenuous reality orientation, trouble with focus and memory, disorganized and slow speech and mild paranoia. (Tr. 15-17, Tr. 147, Tr. 454-54, Tr. 470, Tr. 475-76, Tr. 509-10, Tr. 515-16, Tr. 545, Tr. 589-90, Tr. 594-95, Tr. 615-16.)

In turn, the ALJ also addresses mood symptoms related to other side effects that Plaintiff

---

Thus, in a counseled case, the ALJ may ordinarily require counsel to identify the issue or issues requiring further development.")).

alleges the ALJ failed to address, including irritability, agitation, anger and lethargy. (*Id.*). The ALJ notes that Plaintiff was at times reported to be calm and cooperative with stable or unremarkable mood and affect and no difficulty with impulse control, but at other times reported to exhibit depressive symptoms, an irritated mood and affect, poor eye contact and reported mood swings. (*Id., see e.g.,* Tr. 470, Tr. 475-76, Tr. 159-60, Tr. 509-10, Tr. 515-19, Tr. 529, Tr. 589-90, Tr. 594-95, Tr. 615-16, Tr. 632-33, Tr. 642.)

Thus, the court finds no error. When assessing Plaintiff's RFC, the ALJ sufficiently considered Plaintiff's medications and side effects and linked his findings and conclusions related thereto to specific evidence in the record.

## CONCLUSION

Accordingly, for the reasons stated, the Court affirms the ALJ's reasonable findings as supported by substantial evidence and affirms the Commissioner's decision denying Plaintiff's claim for disability benefits.

**IT IS SO ORDERED**.

DATED this 10th day of May, 2022.

_____
DUSTIN B. PEAD
United States Magistrate Judge